UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HUGH W. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:15-CV-443 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss or, Alternatively, for Summary Judgment filed by Defendant United States of America ("the government") on January 12, 2016 (docket entry 7). Plaintiff Hugh Jones filed a response in opposition on February 3, 2016 (DE 11), and Defendant filed a reply brief on February 10, 2016 (DE 12). For the reasons discussed below, the motion is DENIED; however, this case is hereby STAYED for a period of 90 days from the date of this order, pursuant to the terms set forth below.

## BACKGROUND

The facts giving rise to this lawsuit are largely undisputed (as are the facts that form the basis for the motion to dismiss). Plaintiff Hugh Jones was involved in a traffic accident with a United States Postal employee on March 13, 2014. On May 14, 2014, Jones filed an administrative claim form–known as a Standard Form 95 Claim for Damage, Injury or Death–with the Postal Service, in which he indicated that he was seeking $7,750 for property damage he sustained in the accident and an "unknown" amount (which he also referred to in his claim as an amount "to be determined") for personal injuries. Complaint (DE 3), Exh. 1, pp. 5-7. The filing of such an administrative claim is mandated by the Federal Tort Claims Act, the

statute that governs claims by individuals who allege they suffered damages as the result of negligence by a federal agency or employee. *See* 28 U.S.C. § 2675(a). The statute expressly states that the filing of an administrative claim is a prerequisite to the filing of a lawsuit. *Id*. On July 8, 2014, the Postal Service paid Jones' property damage claim in the amount of $7,492.00.[1] On October 16, 2015, Jones filed this lawsuit in the Porter County (Indiana) Superior Court, reasserting his tort claim and seeking damages in the amount of $2 million for personal injuries. Complaint (DE 3). The United States removed the case to this court on December 8, 2015 (DE 1). The sole issue before the court at this juncture is whether Jones exhausted his administrative remedy before filing this lawsuit. The government says he didn't because he failed to strictly comply with the claim provisions of the FTCA; Jones says he did and, in any event, that any failure to comply with the requisite provisions should be excused based on the circumstances of this case. Additional facts will be discussed as they become relevant to the court's discussion.

## STANDARD OF REVIEW

The government's motion seeks dismissal under Fed.R.Civ.P. 12(b)(6) or, alternatively, summary judgment under Rule 56. The court concludes that the motion can and should be resolved pursuant to Rule 12 rather than Rule 56, since it can be resolved based solely on Jones' complaint and attached exhibits, and relevant undisputed facts. Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.

---

[1] Actually, the property damage claim was paid to Jones' wife, Darla, who was the record owner of the car at the time of the accident. (*See* note 3 below.)

*Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

The Rule 12(b)(6) standard of review isn't all that applicable in this case, at least in the usual sense. The government doesn't argue that Jones' complaint is too vague or conclusory or speculative to state a valid claim, the usual bases for such a motion. Instead, it argues that he fails to state a claim upon which relief can be granted because of his failure to comply with specific administrative procedures. In other words, the government is not seeking a Rule 12(b)(6) dismissal because Jones' claims are not "plausible," but because he is precluded from presenting a valid federal tort claim in the first place (at least at this point in time). The government argues that while Jones "submitted his administrative claim using a standard SF-95 form for making such a claim, the submitted form was insufficient as to plaintiff's personal injury claim. The applicable statute requires that a plaintiff set forth a 'sum certain.' Plaintiff's statement 'to be determined' is insufficient." Defendant's Memorandum (DE 8), p. 6. Since Jones' administrative

3

claim form did not include a "sum certain," it was not a valid claim, according to the government, and so Jones' complaint must be dismissed until such time as he properly exhausts his administrative remedies. *Id.*, p. 7. The government notes that "[t]he Seventh Circuit has held that 28 C.F.R. § 14.2(a) controls the requirements of an FTCA administrative claim[]" and that "[t]his regulation states that 'a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." *Id.* (quoting *United States v. Kanar*, 118 F.3d 527, 528 (7th Cir. 1997)). The government contends that as a result of Jones' failure to file a proper SF-95, i.e., his failure to assign a "sum certain" to his personal injury damages, it "has not had six months to review [Jones'] administrative claim, as allowed by statute." *Id.* (citing 28 U.S.C. § 2675(a)).

> Section 2675 states, in relevant part, as follows:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). In turn, 28 C.F.R. § 14.2 states, in relevant part, as follows:

> (a) For purposes of the provisions of . . . [§] 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim

4

> on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.
>
> . . .
>
> © A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

28 C.F.R. § 14.2(a) and ©. The government's position is that since Jones' claim form did not contain a "sum certain" with respect to his personal injury claim, "the federal agency, United States Postal Service has not had six months to review [Jones'] administrative claim, as allowed by statute. . . . Therefore, plaintiff's lawsuit must be dismissed until the agency has at least six months to review his claim." Defendant's Memorandum, p. 7. Finally, the government maintains that "[t]he requirement of administrative review and compliance with the claim procedure prescribed in 28 U.S.C. § 2675(a) is jurisdictional and cannot be waived." *Id*., p. 6 (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993) and *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972)). The court finds the government's arguments unconvincing, since the issue of Jones' compliance with the notice requirement is not as cut and dried as the government represents, and because the compliance requirement does *not* present a jurisdictional impediment.

Jones opposes the government's motion by arguing two points: 1) his administrative claim was not deficient; and 2) the "Seventh Circuit . . . 'no longer treats § 2675(a) as a jurisdictional prerequisite.'" Plaintiff's Memorandum (DE 11), p. 5 (quoting *Smoke Shop LLC v.*

5

*United States*, 761 F.3d 779, 786 (7th Cir. 2014)). Addressing the latter argument first, the government appears to concede in its reply brief that the exhaustion procedure set forth in § 2675(a) does *not* divest this court of subject-matter jurisdiction. Defendant's Reply, p. 5. But while the government acknowledges that the provisions in § 2675 do not preclude subject-matter jurisdiction, it also notes that "the Seventh Circuit [still] views the administrative process as a 'condition precedent to the plaintiff's ability to prevail.'" *Id*. (quoting *Smoke Shop*, 761 F.3d at 786-87.[2] The government explains that "this is the reason Defendant cites to Rule 12(b)(6) rather

---

[2] The Seventh Circuit explained in *Smoke Shop* that the requirements of the FTCA "'limit the breadth of the Government's waiver of sovereign immunity . . . , but they do not accomplish this task by withdrawing subject-matter jurisdiction from the federal courts.' . . . Similarly, the FTCA's administrative exhaustion requirement is better thought of as a 'condition precedent to the plaintiff's ability to prevail,' not a jurisdictional rule[.]" *Smoke Shop*, 761 F.3d at 789, n.1 (internal citations omitted). Many other circuits take a different approach, holding that the inclusion of a "sum certain" in a federal tort claim is, in fact, a jurisdictional prerequisite. *See, e.g.*, *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456-58 (3d Cir. 2010); *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 279-80 (4th Cir. 2000) (refusing to create exception to the sum certain requirement due to claimant's ongoing medical treatment). But the Seventh Circuit has rejected that interpretation, holding as follows:

> [A]s a result of our decision in *Kanar* [*v. United States*], [118 F.3d 527 (7th Cir. 1997)] there is not much of a practical difference between our circuit's position–which considers 28 C.F.R. § 14.2(a) to be definitional–and the circuits that consider § 2675(a) as limiting the federal courts' power to adjudicate FTCA actions. The courts in the latter category require a claimant to file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002); *accord GAF Corp.* [*v. United States*], 818 F.2d [901] at 919 n. 106 [(D.C.C. 1987)](collecting cases). . . . But in *Kanar*, we reasoned that § 2675(a) does not require would-be FTCA plaintiffs to comply with "every jot and tittle" of the regulation. 118 F.3d at 530. So long as the proper agency had the opportunity to settle the claim for money damages before the point of suit, we said, technical deficiencies in the administrative claim could well be a case of "[n]o harm, no foul." *Id.* at 531. Thus, the underlying purpose of our approach to § 2675(a)'s requirement–like the courts that eschew the regulation–is to ensure that the claimant "does not hinder the settlement process that a claim is supposed to initiate." *Id.*

than 12(b)(1) for is motion to dismiss." *Id*. The government concludes by arguing that "[i]n any event, the Seventh Circuit clearly interprets the administrative process as something that must occur before the lawsuit is filed." *Id*. So, given that there is no dispute concerning this court's jurisdictional authority, the court turns to the issue at hand–determining whether Jones complied with the procedural mandate of the FTCA. If so, then this case can proceed; but if not, then Jones' case must be dismissed (or so the government argues) to "allow the federal agency six months to review [Jones'] administrative claim . . . ." *Id*., p. 7. The government implies that such a delay would not prejudice the plaintiff because "[i]f this matter is not resolved during the course of the administrative review, plaintiff may refile his lawsuit in district court after he exhausts his administrative remedies . . . ." *Id*., pp. 7-8. In short, the government is arguing that Jones must start over. But there are equities involved here, not just strict procedural issues, and they warrant consideration and balancing.

The notice requirement contained in § 2675 "serves a number of purposes, benefiting claimants, agencies, and the courts. First, notice is intended 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Dixon v. U.S.*, 96 F.Supp.3d 1364, 1369-70 (S.D.Ga. 2015) (quoting *Adams v. United States*, 615 F.2d 284, 288 (5th Cir. 1980) (quoting, in turn, S.Rep. No. 89–1327 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2516)). "In addition to this efficiency purpose, the notice requirement 'provid[es] for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are

---

*Smoke Shop*, 761 F.3d at 787.

involved in litigation with their Government.'" *Id.* (citing *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) ("Congress, therefore, enacted section 2675(a) not to place procedural hurdles before potential litigants, but to facilitate early disposition of claims.")). In other words, the notice provisions at issue are both pragmatic and equitable in nature, and are intended to benefit both sides by facilitating settlement of claims. This is an admirable goal, indeed, but it can only be achieved if both parties fulfill their respective obligations under the statute. As the district court explained in *Dixon*:

> [T]o achieve its *dual* purpose, notice must do more than merely inform the Government of a "potential lawsuit," *Suarez v. United States*, 22 F.3d 1064, 1066 (11th Cir. 1994), or simply refer to an attachment of medical records—agencies, like courts, cannot be forced to dig for material facts "like pigs, hunting for truffles." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see Burchfield*, 168 F.3d at 1257 ("Nor does our interpretation of the statute mean that an agency will be on notice of all the facts contained in voluminous records presented by a claimant, if the claimant has not pointed to specific sources of injury."). Likewise, a claimant cannot be obligated to prove his claim or provide a detailed preview of his lawsuit at this preliminary stage. *See Burchfield*, 168 F.3d at 1255.
>
> The test is an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct . . . , it fulfills the notice-of-claim requirement." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000); *accord Rise* [*v. United States*], 630 F.2d [1068,] 1071 [(5th Cir. 1980] (holding that notice is adequate if it "brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant"). In sum, an FTCA claimant is required only to provide such rudimentary details as to allow for a proper agency investigation, and the Government is deemed to be on notice of any legal claim reasonably suggested following that investigation. This flexible approach "is in keeping with the original purpose behind the filing of an administrative claim." *Santiago–Ramirez v. Sec'y of Dep't of Defense*, 984 F.2d 16, 19 (1st Cir. 1993).

*Dixon*, 96 F.Supp.3d at 1369-70.

In the present case, Jones argues that he complied (or, impliedly, that he *substantially* complied) with the notice requirements of the FTCA notwithstanding the fact that he did not include a "sum certain" with regard to his personal injury claim. Jones notes that he timely filed his SF-95 (a fact that is not in dispute). He also argues that the reason he did not list a specific dollar amount on his claim form was because his injuries were not yet quiescent. According to Jones, he "indicated that the amount of his claim for personal injury was unknown and yet to be determined because [he was] still treating with his physician, as a result of the crash[.]" Plaintiff's Response, pp. 1-2 (citing Complaint (DE 3), Exh. 1, pp. 4-7). Plaintiff's exhibit 1 includes a letter written by plaintiff's counsel, dated May 14, 2014, which was submitted to the Postal Service along with Jones' SF-95. In that letter, counsel states that "Mr. Jones received injuries to his back, neck, hip, chest and right shoulder and he has been experiencing nightmares as well. As he is still treating it is not appropriate to settle his personal injury claim at this time." Plaintiff's Exh. 1, p. 4. Jones also argues that in his complaint, filed on October 16, 2015, he "enumerated his sum certain with facts contained in his state court Complaint and also provided this sum certain information to the USPS." Plaintiff's Response, p. 2. The government, however, says this is inadequate, since one major purpose of the FTCA notice provisions is to provide the government with this information *before* suit is filed. In other words, according to the government, Jones' listing of a sum certain (i.e., $2 million) in his complaint is not the same as listing it on his SF-95 or supplementing his SF-95 to include it. The government argues that "[i]t was not until Plaintiff submitted a letter, dated December 2, 2015, to the United States Postal Service's Tort Claim Center that [Jones] 'supplemented' his administrative claim form submitted on May 14, 2014. The letter stated that Plaintiff is claiming $2,000,000 in personal injury

9

damages. . . . [T]his 'supplementation' is considered to be the first submission of a valid claim with a sum certain, and thus the six month statutory adjudication period commences from the date of receipt of that 'supplementation.'" Defendant's Reply, p. 7. The government concludes by arguing that "Plaintiff must allow the federal agency six months to review his administrative claim before filing a lawsuit in district court. . . . If this matter is not resolved during the course of the administrative review, Plaintiff may refile his lawsuit[.]" *Id*.

So, it is undisputed that Jones filed a timely claim and that he did not list a "sum certain" on his claim form with regard to his personal injuries. It is also undisputed that between the date his claim was filed (May 14, 2014) and the date his lawsuit was filed (October 16, 2015), the government took no action on the personal injury claim (apparently believing it to be incomplete). Nonetheless, the Tort Claims investigator did notice that the property damage claim was not filed under the proper claimant's name and brought that matter to the attention of plaintiff's counsel who then filed a claim in Darla's name.[3] There is no indication in the record that the government objected to Jones' original SF-95 or asked him to amend or supplement it. Of course, the statute imposes no such duty on the government, but neither does it prevent such action.

---

[3] Again, the property damage payment was not paid based on Jones' original claim. Since he indicated on his claim form that his wife, Darla, was the owner of the vehicle he was driving at the time of the accident, William Lorhman, a Postal Torts Claim Coordinator, contacted Jones' counsel and advised that a claim form should be submitted in Darla's name, since she was the titleholder. Plaintiff's counsel then filed a property damage claim on behalf of Darla and the property damage was paid on the basis of this second SF-95. *See* Defendant's Memorandum, pp. 2-3. The procedure by which the property damage claim was paid is not relevant. What is relevant is that these undisputed facts show that the government reviewed Jones' administrative claim very soon after it was filed, even if it did believe that the claim was deficient in terms of personal injury damages (although Lorhman apparently didn't bring that up when he alerted plaintiff's counsel about the other deficiency, i.e., the issue of the proper named claimant).

The government's position, then, is that Jones submitted a "proper" claim on December 2, 2015, and the six-month administrative review period began to run on that date, not on the date the original claim form was submitted. Even since that date, the government has done nothing in the way of conducting its administrative review (or at least the record does not reflect any action). Instead, the government is before the court arguing that this case must be dismissed to enable the agency to begin and complete its statutorily mandated review. Put another way, both sides in this case have, arguably, failed to adhere strictly to their responsibilities under § 2675. The government's motion asks the court to dismiss this case–a remedy the court concludes is too harsh and inefficient under the circumstances. For its part, the government took no action to encourage Jones to amend or supplement his claim (as it did with regard to his property damage claim) and now concedes that Jones *did* submit a proper supplementation, and therefore a proper claim, at least as of December 2, 2015 (or whatever day the government received plaintiff's counsel's letter). For these reasons, the court will deny the motion to dismiss, since granting it would serve little purpose other than to impose an additional filing fee on Jones. Also, dismissing the case only to force Jones to refile it in a matter of months does nothing other than require unnecessary additional procedures and paperwork–all to get the case to the same point it is now. However, in the interest of balancing the equities in this case and to ensure that the intended purpose of the FTCA notice requirements is achieved, the court will stay this case for a period of 90 days from the date of this order. Since the government concedes in its reply brief that Jones submitted a valid and proper claim for personal injuries on or about December 2, 2015, this additional 90-day period will allow both sides time to negotiate a settlement as the FTCA provisions envision. If the claim is not resolved by the end of this 90-day period, the stay

will be lifted and this case will proceed. In either event, the parties are directed to file a Joint Notice with the Court, no later than 90 days from the date of this order, informing the court of the status of the review and settlement process. Should the parties determine that they need more time to review and attempt to resolve the claim, they may move for additional time before the expiration of the 90-day stay period.

## CONCLUSION

For the reasons discussed above, the Motion to Dismiss or, Alternatively, for Summary Judgment filed by Defendant United States of America (DE 7) is DENIED; however, this case is hereby STAYED for a period of 90 days from the date of this order to permit the parties to complete the administrative review process mandated by the FTCA. The parties are directed to file a Joint Notice with the Court, no later than 90 days from the date of this order, informing the court of the status of the review and settlement process. Should the parties determine that they need more time to review and attempt to resolve the claim, they may move for additional time before the expiration of the 90-day stay period.

Date: March 21, 2016.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana